UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL MARTIN, | ) |
| Petitioner | ) |
| vs. | ) Case No. 13-0747-CV-W-GAF-P |
| RANDY BLADES, et al., | ) |
| Respondents. | ) |

**OPINION AND ORDER DENYING 28 U.S.C. § 2241 HABEAS CORPUS PETITION**

This 28 U.S.C. § 2241 habeas corpus petition was filed pro se by an Idaho prisoner,[1] alleging that the authorities in Newton County, Missouri, have violated the Interstate Agreement on Detainers (the "IAD"), 18 U.S.C. App. § 2,[2] by failing to bring petitioner to trial within 180 days after receiving notice of his request for final disposition of the charges pending against him in that jurisdiction. Petitioner seeks an Order directing ". . . that all charges currently pending in [Newton County] be dismissed with prejudice."

On behalf of the respondent, Newton County Prosecutor Jacob R. Skouby has filed a response (Doc. No. 5) to the petition, and petitioner has filed a reply thereto (Doc. No. 8).

The record reflects that petitioner has three Newton County warrants outstanding against him - - (1) a warrant dated December 1, 2009, for failure to appear for a probation revocation hearing related to a 2004 felony non-support conviction in Case No. 40R040302083; (2) a warrant dated November 6, 2009, for failure to appear on a criminal complaint of felony driving while intoxicated and driving on a suspended/revoked/canceled license in Case No. 09NW-CR01663; and (3) a warrant dated November 6, 2009, for failure to appear on a criminal complaint of possession of a chemical with intent to create methamphetamine and for possession of methamphetamine in Case No. 09NW-CR01689.

---

[1] Petitioner currently is committed to the Idaho Department of Corrections after having pleaded guilty to possession of a controlled substance on August 30, 2010, in the District Court of Twin Falls County, Idaho. Case No. CR10-7739. He will satisfy his sentence on July 2, 2017.

[2] Codified in Missouri as Mo. Rev. Stat. § 217.490.

According to the petition, on May 23, 2012, petitioner filed a motion to dismiss in each of the three above-referenced Newton County cases, each of which was captioned as a "Motion to Dismiss Untried Indictment, Information, or Charges (Under the Interstate Agreement on Detainers Act)." In each of those motions, petitioner alleged that after being served with the Newton County arrest warrants on July 4, 2010, he signed a waiver of extradition on July16, 2010, and that the court in Idaho directed that Newton County had ". . . 21 days to extradite the Defendant, once the Idaho charges are final." According to petitioner, the Idaho charges were final on October 25, 2010, but the authorities from Newton County never came to get him. Instead, Newton County placed a "hold" on petitioner with the Idaho Department of Corrections on May 24, 2011, which petitioner contended was illegal.

The three Newton County docket sheets also reflect that petitioner's motions to dismiss were denied by the Circuit Court of Newton County on August 13, 2012 (for Case No. 40R040302083) and on August 24, 2012 (for Case Nos. 09NW-CR01663 and 09NW-CR01689), with a notation in Case No. 40R040302083 that it was overruled "for failure to comply with Interstate Agreement." On September 17, 2012, petitioner filed a notice of appeal in all three Newton County cases, but there is nothing on Missouri Case.net to indicate that they were ever forwarded to the Missouri Court of Appeals, very likely due to the fact they were filed at least twenty-four days after the orders denying his motions were entered, and in Missouri, a notice of appeal must be filed with the clerk of the trial court no later than ten days after the judgment or order appealed from becomes final. Mo. Crim. Pro. 30.01.

In his response (Doc. No. 5), the Newton County Prosecutor contends that petitioner is not entitled to federal habeas relief because (1) petitioner did not comply with the technical requirements of the IAD by contacting his warden with his request to dispose of detainers or, if he did make such a request, he has never supplied the prosecutor with evidence of having done so, and (2) the mere fact that petitioner waived extradition does not mean that Newton County is deprived of jurisdiction just because they did not send an officer to Idaho to get petitioner within the time specified by the Idaho court.

In his reply (Doc. No. 8), petitioner contends that on February 13, 2012, he did sign a request to the warden of his institution in Idaho asking that the necessary paperwork be started to enforce his rights under the IAD, and if the warden did not do so, that is not petitioner's fault as he did all he is required to

do under the statute.  Petitioner attaches a copy of his handwritten letter to the warden as an exhibit.

As a preliminary matter, case law does confirm ". . . that a petition for habeas corpus brought under 28 U.S.C. § 2241 may be used to address a future prosecution."  Sacco v. Falke, 649 F.2d 634, 635 (8th Cir. 1981), *citing* Braden v. 30th Jdicial Circuit Court, 410 U.S. 484, 488-89 (1973).  However, "[a]bsent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution."  Braden, supra at 507-508.

Additionally, ". . . a violation of the federal analogue to state speedy trial laws, the Interstate Agreement on Detainers (IAD), 'without more, does not justify relief under § 2255.'"  Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994), *quoting* Shigemura v. United States, 726 F.2d 380, 381 (8th Cir. 1984).  "A separate showing that the Sixth Amendment speedy trial requirement has been violated must be made before habeas relief will be granted."  Id. [*citing* Jenkens v. Purkett, 963 F.2d 1117, 1118 (8th Cir.)(violation of the Missouri codification of the IAD is not cognizable in habeas; petitioner must show Sixth Amendment violation to obtain relief)].

Finally, to the extent an IAD violation may be cognizable in a federal habeas action, ". . . state courts must be given an opportunity to address a claimed violation of the IAD before a petition for federal habeas relief may be entertained."  Kearns v. Turner, 837 F.2d 336, 337 (8th Cir. 1988).  "Petitions for federal habeas corpus are always based on federal law.  A basic premise of the exhaustion doctrine is that state courts should be allowed the first chance to consider federal-law attacks on their own judgments."  Id.

In this case, although petitioner filed a motion to dismiss in each of his Newton County criminal cases, citing the IAD, he has not exhausted his state court remedies because he did not file timely notices of appeal from the denial of those motions to dismiss.  The notices of appeal which petitioner did file were out-of-time, and there is nothing to indicate that petitioner requested permission from the Missouri Court of Appeals to file a late notice of appeal as provided for in Mo. Crim. Pro. 30.03.[3]  "No reason

---

[3] Pursuant to Mo. Crim. Pro. 30.03, if a defendant misses the ten-day deadline for filing a notice of appeal, he still may file a notice of appeal in the trial court ". . . if, within twelve months after the judgment

exists to presume that the State courts would not correct a violation of federal law were one to exist and we decline to intervene before allowing the State courts an opportunity to correct any violation of the IAD." Cain v. Petrovsky, 708 F.2d 1194, 1195 (8th Cir. 1986).

In this case, as in Sacco v. Falke, 649 F.2d 634 (1981), ". . . petitioner seeks no less than 'the derailment of a pending state proceeding by attempt(ing) to litigate (affirmative) constitutional defenses prematurely in federal court." Id. at 636. "Petitioner demands, in effect, that we now litigate his speedy trial claim and grant him the severe remedy of outright dismissal on the state charges. To do so in these circumstances, however, would be an unjustifiable federal interference with [Missouri's] judicial enforcement of [its] own criminal laws." Id.

Accordingly, it is **ORDERED** that:

(1) the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**; and

(2) this case is **DISMISSED**, with prejudice.

        /s/ *Gary A. Fenner*
        GARY A. FENNER
        UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  May 14, 2015.

---

becomes final, a motion for leave to file such notice is filed in the appropriate appellate court and it thereafter sustains the motion and grants such leave."